IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT L. ROWLAND,**

    Petitioner,

vs.                                           Case No. 4:12cv297-MCR/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 15, 2012, Petitioner Robert L. Rowland, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges the conviction and sentence imposed by the Second Judicial Circuit Court, Liberty County, on December 12, 2005, following a plea of nolo contendere to the charge of burglary of a structure. *See id.; see also* doc. 20 Ex. I. On July 17, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 20 Ex. A-Z, AA-XX. Petitioner has filed a response. Doc. 23.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By information filed in November 2005, the State of Florida charged Petitioner with (1) burglary of a structure, contrary to section 810.02(4), Florida Statutes; and (2) armed robbery, contrary to section 812.13(2)(b), Florida Statutes. Doc. 20 Ex. A, B. These charges resulted from the consolidation of cases 04-066-CF(B) and 04-067-CF(B). Doc. 20 Ex. D at 1. On March 7, 2005, Petitioner pled no contest to both charges and was sentenced to five years in prison for burglary of a structure (04-066-CF(B)) and nine years in prison with two years of probation for armed robbery (04-067-CF(B)), to run consecutively. *Id.* at 3, 5. On July 11, 2005, Petitioner withdrew his plea. Doc. 20 Ex. F. On October 18, 2005, the State filed a notice of intent to seek increased penalties on the charges. Doc. 20 Ex. G. On December 12, 2005, pursuant to a negotiated plea agreement, Petitioner entered a plea of nolo contendere for burglary of a structure (04-066-CF(B)), at which time the state circuit court sentenced him as a habitual felony offender for a period of ten years with the Department of Corrections, five years of which was to be suspended upon successful completion of the first five years of incarceration. Doc. 20 Ex. I at 1, 3, 6, 9. The 10-year sentence was ordered to run consecutive to Petitioner's current sentences. *Id.* at 6. Because Petitioner did not directly appeal this sentence, his conviction became final thirty days later on January 12, 2006. On February 7, 2006, the State nolle prossed the armed robbery

charge from case 04-067-CF(B).  Doc. 20 Ex. K.

On May 25, 2006, Petitioner filed a motion in the Second Judicial Circuit in Liberty County for credit for jail time served.  Doc. 20 Ex. L.  The circuit court denied the motion on August 23, 2006.  Doc. 20 Ex. M.  On September 21, 2006, pursuant to Florida Rule of Criminal Procedure 3.800, Petitioner filed a motion for rehearing of the circuit court's order denying his motion for jail credit.  Doc. 20 Ex. N.  The circuit court denied the motion on its merits on November 7, 2006.  Doc. 20 Ex. O.  On November 20, 2006, Petitioner filed a motion for an evidentiary hearing and for transport to Liberty County, both of which the circuit court denied on December 21, 2006.  Doc. 20 Ex. P; Doc. 20 Ex. Q.  Before the circuit court denied Petitioner's last motion, Petitioner filed a motion on December 15, 2006, to correct his sentence pursuant to Rule 3.800.  Doc. 20 Ex R.  In response to Petitioner's motion, on December 26, 2006, the circuit court ordered that Petitioner receive credit for 44 additional days of jail time.  Doc. 20 Ex. S at 1-2.  On February 5, 2007, the order was amended to credit Petitioner with 71 additional days of jail time, rather than 44.  Doc. 20 Ex. T.

Nearly one year later, on January 11, 2008, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Doc. 20 Ex. U.  Petitioner asserted a claim of ineffective assistance of counsel related to convictions that were used to sentence him as a habitual felony offender.  *Id*.  On February 7, 2008, the circuit court summarily denied Petitioner's motion for postconviction relief.  Doc. 20 Ex. V at 1-2.  Petitioner appealed the circuit court's order to the First District Court of

Appeal (DCA) on or about April 4, 2008. Doc. 20 Ex. W at 4-15. On October 17, 2008, the First DCA per curiam affirmed the case without an opinion. Doc. 20 Ex. Y; Rowland v. State, 992 So.2d 258 (Fla. 1st DCA 2008) (table). The mandate issued November 13, 2008. Doc. 20 Ex. Z; *see* online docket for 1D08-1491 at www.1dca.org.

On March 21, 2008, while the denial of Petitioner's aforementioned Rule 3.850 motion was on appeal to the First DCA, Petitioner filed another motion in circuit court to correct an illegal sentence pursuant to Rule 3.800. Doc. 20. Ex AA at 1-15. On May 20, 2008, the circuit court denied the motion. Doc. 20 Ex. BB at 1-2. Petitioner appealed the denial to the First DCA on June 26, 2008. Doc. 20. Ex CC at 1-31. On December 10, 2008, the First DCA per curiam affirmed the case without opinion. Doc. 20 Ex. EE; Rowland v. State, 4 So.3d 1227 (Fla. 1st DCA 2008) (table). On December 22, 2008, Petitioner filed a motion for rehearing, which the First DCA denied on January 15, 2009. Doc. 20 Ex. FF; Doc. 20 Ex. GG. The mandate issued February 2, 2009. Doc. 20 Ex. HH; *see* online docket for 1D08-3512 at www.1dca.org.

On July 14, 2008, Petitioner filed another motion in circuit court to correct illegal sentence pursuant to Rule 3.800. Doc. 20 Ex. II. The circuit court dismissed the motion on September 2, 2008, because Petitioner's appeal of the circuit court's previous order had not yet been resolved by the First DCA, and the circuit court therefore lacked jurisdiction to address Petitioner's motion. Doc. 20 Ex. JJ.

On February 18, 2009, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850. Doc. 20 Ex. KK. On September 8, 2009, the circuit court denied

Petitioner's motion as successive and untimely. Doc. 20 Ex. LL at 1-3.

On or about October 6, 2009, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800. Doc. 20 Ex. MM. The circuit court denied Petitioner's motion on March 19, 2010, but granted Petitioner's motion to supplement the record. Doc. 20 Ex. NN. On or about May 4, 2010, Petitioner appealed the circuit court's order to the First DCA but voluntarily dismissed the appeal on or about June 3, 2010. Doc. 20 Ex. OO; Doc. 20 Ex. PP at 1-2. *See* online docket for 1D10-2130 at www.1dca.org.

On September 1, 2010, Petitioner filed a petition for writ of habeas corpus in state trial court pursuant to 9.100(a), Florida Statutes, and Florida Constitution, Article I, Section 13. Doc. 20 Ex. RR at 1-11. On December 15, 2010, the circuit court denied the petition as procedurally barred as successive and ordered Petitioner to show cause why sanctions should not be imposed pursuant to section 944.279, Florida Statutes. Doc. 20 Ex. SS at 1-3. On March 4, 2011, Petitioner appealed the circuit court's denial to the First DCA. Doc. 20 Ex. TT at 1-17. The First DCA per curiam affirmed without opinion on November 28, 2011. Doc. 20 Ex. VV; Rowland v. State, 75 So.3d 726 (Fla. 1st DCA 2011) (table). The mandate issued December 28, 2011. *See* online docket for 1D11-329 at www.1dca.org.

As indicated above, Petitioner filed his § 2254 petition in this Court on June 15, 2012. Doc. 1. On June 14, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 20. On July 17, 2013, Petitioner filed a reply to Respondent's motion to dismiss. Doc. 23.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[1]

Respondent argues that the § 2254 petition is untimely because Petitioner's conviction became final in January 2006, and the one-year AEDPA period expired long before the § 2254 petition was filed with this Court. Respondent's argument is well-taken.

Based on a review of the file and exhibits attached to Respondent's motion, the § 2254 petition is untimely. Petitioner was sentenced on December 12, 2005. Doc. 20 Ex. I, J. Petitioner did not appeal his conviction, and it became final thirty days later, on

---

[1]The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

January 12, 2006. *See* 28 U.S.C. § 2244(d)(1)(A); Fla. R. App. P. 9.110(b); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires). Therefore, Petitioner had until January 12, 2007, to file his federal habeas corpus petition.

Petitioner's one-year limitations period began to run on January 12, 2006, and continued until May 25, 2006, when he filed a motion for jail credit. Doc. 20 Ex. L. At this point, 133 days had passed in the one-year limitations period, and Petitioner had 232 days remaining in the limitations period in which to file his federal petition for habeas corpus relief. This motion tolled the AEDPA time until the motion was denied on December 21, 2006. Doc. 20 Ex. Q. Meanwhile, on December 15, 2006, Petitioner filed a motion pursuant to Rule 3.800. Doc. 20 Ex. R. The court denied this motion through an amended order on February 5, 2007. Doc. 20 Ex. T. Thus, the limitations period was tolled from the time that Petitioner's first motion was filed on May 25, 2006, until Petitioner's second motion was denied on February 5, 2007. At this point, the AEDPA clock started again, with 232 days remaining in the limitations period, and ran until it expired on September 25, 2007. Although Petitioner subsequently filed numerous motions in state court, those filings did not toll the limitations period because the limitations period had already expired.[2] *See, e.g.,* Hutchinson v. State of Fla., 677

---

[2] Petitioner indicates in his § 2254 petition that he filed a Rule 3.850 motion on January 8, 2006 (Doc. 1 at 2), but the State has no record of that motion. Doc. 20 at 7, note 1.

Case No. 4:12cv297-MCR/CAS

F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, by the time Petitioner filed his § 2254 petition in this Court, Petitioner's one-year AEDPA period had expired.

In his response to Respondent's motion to dismiss, Petitioner asserts that the trial court erroneously separated his cases, that the State incorrectly relied on an uncounseled conviction, and that absence of transcripts of the allegedly uncounseled conviction denied him due process. Doc. 23. Petitioner has not made allegations sufficient to overcome the time bar to his federal habeas petition. *See id.*

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss (Doc. 20) should be granted. The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District

Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[3] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[3] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 20) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2013.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.